IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASSOCIATED BUILDERS & CONTRACTORS OF
NEW MEXICO; DEL RIO ENTERPRISES, INC.;
KAUFMAN FIRE PROTECTION SYSTEMS, INC.;
JERRY MORGAN; MORGAN'S CONSTRUCTIVE SOLUTIONS, LLC.;
ORCOM, A DIVISION OF ORTEGA COMPANIES, INC.;
RAY SMITH; KLINGER CONSTRUCTORS, LLC.;
AARON MAESTAS; ISMAEL TERAN;
BRUCE SWANSINGER; MATTHEW STUCKEY;
MARK HANCOCK; RICHIE VILLANUEVA;
MARK CARRILLO; NORTHRIDGE ELECTRIC, A DIVISION OF
BURGOS GROUP; ISHC, INC.; CARL BENWARD
AND GARVIN CONSTRUCTION, INC.

**PLAINTIFFS**,

V.                                   CASE NO. _____

COUNTY OF BERNALILLO,

**DEFENDANT**.

## COMPLAINT

The Plaintiffs bring suit to enjoin the County of Bernalillo from enforcing its Community Workforce Agreement Ordinance, Ordinance 2020-20. The County's Community Workforce Agreement Ordinance prohibits contractors and subcontractors from doing business with the County on certain Public Works Construction Projects unless they employ union labor represented by the New Mexico Building and Construction Trades Council and its affiliated unions and/or any other government-approved unions, even if the contractor's or subcontractor's employees have chosen not to unionize. It also compels employees of a county contractor or subcontractor to become a dues-paying member of that union and maintain their union membership while working on a county construction project. It further compels county contractors and subcontractors to

contribute to a union's pension and health care funds and act in accordance with that union's work rules and employment procedures. The county imposes a Community Workforce Agreement for every Public Works Construction Project for the county "where the total project cost is anticipated to exceed seven million dollars ($7,000,000) and where at least three (3) crafts would be employed on the Project." *See* Ordinance 2020-20, dated September 22, 2020, attached as Exhibit 1.

The County's Community Workforce Agreement Ordinance violates the rights of contractors, subcontractors, and their employees under the First and Fourteenth Amendments and the National Labor Relations Act. It also violates state anti-competitive bidding laws. The Plaintiffs seek declaratory and injunctive relief against its continued employment.

## JURISDICTION AND VENUE

1.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2.     All acts or omissions which are the subject of Plaintiffs' Complaint occurred in Bernalillo County, New Mexico.

3.     Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

4.     Plaintiff Associated Builders & Contractors of New Mexico (ABC) is a membership organization of contractors who operate in New Mexico. Its offices are located at 2821 Broadway Blvd. NE, Albuquerque, New Mexico, 87107.

5.     Plaintiff Del Rio Enterprises, Inc. ("DREI") is a corporation that performs contracting work in New Mexico. Its offices are located at 4201 Ellison St. NE, Albuquerque, New Mexico, 87109. DREI is a member of ABC.

6.     Plaintiff Kaufman Fire Protection Systems, Inc. ("Kaufman Fire Protection") is a corporation that performs contracting work in New Mexico. Its offices are located at 751 Rankin Rd NE, Albuquerque, New Mexico, 87107. Kaufman Fire Protection is a member of ABC.

7.     Plaintiff Morgan's Constructive Solutions, LLC is a business that performs contracting work in New Mexico. Its offices are located at 56 Sandia Crest Rd Albuquerque, New Mexico, 87107. Morgan's Constructive Solutions is a member of ABC.

8.     Plaintiff ORCOM, a Division of Ortega Companies, Inc. ("ORCOM") is a corporation that performs contracting work in New Mexico. Its offices are located at 2206 Sun Ranch Village Loop, Los Lunas, New Mexico, 87031. ORCOM is a member of ABC.

9.     Plaintiff Klinger Constructors, LLC, is a business that performs contracting work in New Mexico. Its offices are located at 8701 Washington, NE, Albuquerque, New Mexico, 87113. Klinger Constructors, LLC is a member of ABC.

10.     Plaintiff Northridge Electric, a Division of Burgos Group, is a corporation that performs contracting work in New Mexico. Its offices are located at 328 Ranchitos Rd, NW Albuquerque, NM 87114. Northridge Electric is a member of ABC.

11.     Plaintiff ISHC, Inc. (Installation Services Heating & Cooling, Inc.) is a corporation that performs contracting work in New Mexico. Its offices are located at 7500 2nd Street NW Albuquerque, New Mexico, 87107. ISHC, Inc. is a member of ABC.

12.     Plaintiff GarVin Construction, Inc. is a corporation that performs contracting work in New Mexico. Its offices are located at 504 El Paraiso NE, Albuquerque, NM 87113. GarVin Constructions, Inc. is a member of ABC.

13.     Plaintiff Carl Benward resides in Sandoval County, New Mexico. He is employed by GarVin Construction, Inc., which is a member of ABC.

14. Plaintiff Aaron Maestas resides in Bernalillo County, New Mexico. He is employed by the Burgos Group, d/b/a Northridge Electric, which is a member of ABC.

15. Plaintiff Ismael Teran resides in Bernalillo County, New Mexico. He is employed by the Burgos Group, d/b/a Northridge Electric, which is a member of ABC.

16. Plaintiff Bruce Swansinger resides in Sandoval County, New Mexico. He is employed by Northridge Electric, which is a member of ABC.

17. Plaintiff Matthew Stuckey resides in Sandoval County, New Mexico. He is employed by the Burgos Group, d/b/a Northridge Electric, which is a member of ABC.

18. Plaintiff Mark Hancock resides in Sandoval County, New Mexico. He is employed by the Burgos Group, d/b/a Northridge Electric, which is a member of ABC.

19. Plaintiff Richie Villanueva resides in Bernalillo County, New Mexico. He is employed by the Burgos Group, d/b/a Northridge Electric, which is a member of ABC.

20. Plaintiff Mark Carrillo resides in Sandoval County, New Mexico. He is employed by the Burgos Group, d/b/a Northridge Electric, which is a member of ABC.

21. Plaintiff Jerry Morgan resides in Bernalillo County, New Mexico. He owns Morgan's Constructive Solutions LLC, which is a member of ABC.

22. Plaintiff Ray Smith resides in Bernalillo County, New Mexico. He is an officer of Klinger Constructors, LLC, which is a member of ABC.

23. Defendant County of Bernalillo is a political subdivision of the State of New Mexico.

## **FACTS**

24. A Community Workforce Agreement, also known as a Project Labor Agreement (PLA), is a government-mandated pre-hire union collective-bargaining agreement that contractors must sign in order to work on certain Public Works Construction Projects.

25.     The Community Workforce Agreement Ordinance, Ordinance 2020-20, forces government contractors to: 1) recognize the New Mexico Building and Construction Trades Council, its affiliated unions and/or any other government-approved unions as the exclusive representative of their employees and establish the terms and conditions of employment for a specific Public Works Construction Projects; 2) require all employees on the job to become dues-paying members of these government-approved unions as a condition of their continued employment; 3) contribute to the government-approved union's pension and healthcare funds for non "core" employees; and 4) operate according to the government-approved union's work rules for non "core" employees; including the government-approved union's procedures for hiring, firing, and disciplining employees who perform construction work on a county project.

26.     Twenty-five (25) states have banned the use of PLAs.[1]

27.     On information and belief, the County of Bernalillo had entered into a Community Workforce Agreement (a project labor agreement) with the New Mexico Building and Construction Trades Council ("Council"), on Behalf of and Including its Affiliated Local Unions.

28.     This Community Workforce Agreement "may be utilized on any Public Works Construction Project where, in the judgment of the County Commission, it would serve the interests of the County residents and taxpayers and where the total project cost is anticipated to exceed seven million dollars ($7,000,000) and where at least three (3) crafts will be employed on the Project." *See* Ordinance 2020-20, dated September 22, 2020, attached as Exhibit 1.

---

[1] At the state level, as of June 2019, through legislation or by executive order issued by the state governor, the following states have banned the requirement that PLAs be used for government funded construction projects: Alabama, Arizona, Arkansas, Florida, Georgia, Idaho, Iowa, Kansas, Kentucky, Louisiana, Michigan, Mississippi, Missouri, Montana, North Carolina, North Dakota, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, West Virginia, and Wisconsin.

29.     The Community Workforce Agreement shall remain effective year to year until either party gives 30 days-written notice by registered or certified mail to change or cancel this Agreement. *See* Article 11 of Draft Community Workforce Agreement, attached as Exhibit 2.

30.     Each jobsite contractor which participates in any of the qualifying construction projects under the Community Workforce Agreement "shall, as a condition of project participation, execute Appendix "A" ("Contractor Letter of Assent") which shall be specific to an individual project ("Project") and shall ensure those jobs and crafts represented by the Council's affiliated unions ("Unions") and their members are employed by Project contractors and subcontractors which are signatory to collective bargaining agreements ("Labor Agreements") with such Unions." *See* Article 1 of Ex. 2, and its Appendix A.

31.     Accordingly, only contractors and subcontractors who agree to the terms of the Community Workforce Agreement with the New Mexico Building and Construction Trades Council are eligible to perform work on a qualifying project.

32.     The Community Workforce Agreement compels these contractors and subcontractors to recognize the New Mexico Building and Construction Trades Council and its affiliated Unions as the "sole and exclusive bargaining representatives of basic trade craft employees working on the Project within the scope of [the] Agreement." *See* Article 8.1 of Ex. 2.

33.     The County's Community Workforce Agreement also compels employees of contractors and subcontractors to pay union dues for the period of time during which they are performing on-site Project work. *Id*. at Article 8.4. These requirements apply regardless of whether those employees have chosen to decline union representation.

34.     The County's Community Workforce Agreement also requires county contractors and subcontractors to contribute to that union's fringe benefits, including pension and health-care funds for non "core" employees.

## **FACTS RELATED TO STANDING**

35.     Plaintiff Associated Builders & Contractors of New Mexico (ABC) is a membership organization of contractors who operate in New Mexico. Almost all of ABC's members are non-union.

36.     The employees of the non-union ABC contractors have exercised their right not to unionize—a right that is protected both by the First Amendment and by the National Labor Relations Act.

37.     ABC has associational standing to challenge the County's Community Workforce Agreement.

38.     To establish associational standing, an entity must show that: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

39.     The non-union members of ABC would have standing to challenge the County's project labor agreement if they sued as individuals, because the County's Community Workforce Agreement prohibits non-union members of ABC from working on the County's construction projects in excess of $7,000,000 unless they: (1) recognize a union that belongs to the New Mexico Building and Construction Trades Council as the exclusive representative of their employees—even though its employees have exercised their constitutional and statutory rights to decline union representation; (2) force those employees to pay union dues as a condition of their continued employment; and (3) contribute to that union's pension and health-care funds (for those not identified as core workers). This inflicts injury in fact, and this injury will be remedied by an injunction against the continued enforcement of the County's Community Workforce Agreement.

40.     The interests that ABC seeks to protect in the litigation are germane to the organization's purpose. As ABC explains on its website: "ABC members gain the knowledge and representation needed to protect their companies from unfair and anti-competitive business practices. ABC's merit shop philosophy and fair and open competition political agenda ranks among the main reasons why companies join and remain in ABC. 'Merit Shop' is a way of doing business in which companies reward employees based on performance and encourage them to reach their highest level of achievement, and in which contracts are awarded based on safety, quality, and value, *regardless of labor affiliation*. Project Labor Agreements discriminate against merit shop contractors and disadvantaged businesses and their employees. This discrimination is particularly harmful to women – and minority-owned construction businesses – whose workers traditionally have been under-represented in unions, mainly due to artificial and societal barriers in union membership and union apprenticeship and training programs." *See* http://www.abcnm.org/Political-Advocacy/ABC-Position-Statements/Why-is-ABC-Opposed-to-Union-Only-PLAs (last visited on February 2, 2021).

41.     Neither the claims asserted by ABC nor the relief requested in this litigation requires the participation of the organizations' individual members.

42.     Plaintiff Del Rio Enterprises, Inc. ("DREI") is a non-union contractor that operates in New Mexico. Because the employees of DREI have exercised their constitutional right to decline union membership, DREI and its employees are ineligible to work on any Bernalillo County construction project in excess of $7,000,000.00. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

43.     Plaintiff Kaufman Fire Protection Systems, Inc. ("Kaufman Fire Protection") is a non-union contractor that operates in New Mexico. Because the employees of Kaufman Fire Protection have exercised their constitutional right to decline union membership, Kaufman Fire Protection and its employees are ineligible to work on any Bernalillo County construction project in excess of $7,000,000.00. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

44.     Plaintiff Morgan's Constructive Solutions, LLC is a non-union contractor that operates in New Mexico. Because the employees of Morgan's Constructive Solutions, LLC have exercised their constitutional right to decline union membership, Morgan's Constructive Solutions, LLC, and its employees are ineligible to work on any Bernalillo County construction project in excess of $7,000,000.00. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

45.     Plaintiff ORCOM, a Division of Ortega Companies, Inc. ("ORCOM") is a non-union contractor that operates in New Mexico. Because the employees of ORCOM have exercised their constitutional right to decline union membership, ORCOM and its employees are ineligible to work on any Bernalillo County construction project in excess of $7,000,000.00. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

46.     Plaintiff Klinger Constructors, LLC is a non-union contractor that operates in New Mexico. Because the employees of Klinger Constructors, LLC have exercised their constitutional right to decline union membership, Klinger Constructors, LLC, and its employees are ineligible to work on any Bernalillo County construction project in excess of $7,000,000.00. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

47.     Plaintiff Northridge Electric, a Division of Burgos Group Klinger Constructors, is a non-union contractor that operates in New Mexico. Because the employees of Northridge Electric have exercised their constitutional right to decline union membership, Northridge Electric and its employees are ineligible to work on any Bernalillo County construction project in excess of $7,000,000.00. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

48.     Plaintiff ISHC, Inc. (Installation Services Heating & Cooling, Inc.) is a non-union contractor that operates in New Mexico. Because the employees of ISHC, Inc. have exercised their constitutional right to decline union membership, ISHC, Inc. and its employees are ineligible to work on any Bernalillo County construction project in excess of $7,000,000.00. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

49.     Plaintiff GarVin Construction, Inc. is a non-union contractor that operates in New Mexico. Because the employees of GarVin Construction, Inc have exercised their constitutional right to decline union membership, GarVin Construction, Inc., and its employees are ineligible to work on any Bernalillo County construction project in excess of $7,000,000.00. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

50.     Plaintiff Carl Aaron Benward is an employee of GarVin Construction, Inc. Mr. Benward is a Supervisor-Foreman. The County's Community Workforce Agreement prohibits Mr. Benward from working on certain Bernalillo County construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

51.     Plaintiff Aaron Maestas is an employee of the Burgos Group, d/b/a Northridge Electric. Mr. Maestas is a journeyman, he works on job sites as an electrician, and his work consists of installation, alterations, additions and/or repairs of electrical systems, conductors and associated materials and equipment within the electrical construction projects. The County's Community Workforce Agreement prohibits Mr. Maestas from working on certain Bernalillo County construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades

11

Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

52.     Plaintiff Ismael Teran is an employee of the Burgos Group, d/b/a Northridge Electric. Mr. Teran works on job sites as an electrician, and his work consists of installation, alterations, additions and/or repairs of electrical systems, conductors and associated materials and equipment within the electrical construction projects. The County's Community Workforce Agreement prohibits Mr. Teran from working on certain Bernalillo County construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

53.     Plaintiff Bruce Swansinger is an employee of the Burgos Group, d/b/a Northridge Electric. Mr. Swansinger works on job sites as an electrician, and his work consists of installation, alterations, additions and/or repairs of electrical systems, conductors and associated materials and equipment within the electrical construction projects. an employee of Northridge Electric. The County's Community Workforce Agreement prohibits Mr. Swansinger from working on certain Bernalillo County construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

54.     Plaintiff Matthew Stuckey is an employee of the Burgos Group, d/b/a Northridge Electric. Mr. Stuckey works on job sites as an electrician, and his work consists of installation,

alterations, additions and/or repairs of electrical systems, conductors and associated materials and equipment within the electrical construction projects. The County's Community Workforce Agreement prohibits Mr. Stuckey from working on certain Bernalillo County construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

55.     Plaintiff Mark Hancock is an employee of the Burgos Group, d/b/a Northridge Electric. Mr. Hancock works on job sites as an electrician, and his work consists of installation, alterations, additions and/or repairs of electrical systems, conductors and associated materials and equipment within the electrical construction projects. The County's Community Workforce Agreement prohibits Mr. Hancock from working on certain Bernalillo County construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

56.     Plaintiff Richie Villanueva is an employee of the Burgos Group, d/b/a Northridge Electric. Mr. Villanueva works on job sites as an electrician, and his work consists of installation, alterations, additions and/or repairs of electrical systems, conductors and associated materials and equipment within the electrical construction projects. The County's Community Workforce Agreement prohibits Mr. Villanueva from working on certain Bernalillo County construction projects because he has exercised his constitutional and statutory right to decline union

membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

57.     Plaintiff Mark Carrillo is an employee of the Burgos Group, d/b/a Northridge Electric. Mr. Carrillo works on job sites as an electrician, and his work consists of installation, alterations, additions and/or repairs of electrical systems, conductors and associated materials and equipment within the electrical construction projects. The County's Community Workforce Agreement prohibits Mr. Carrillo from working on certain Bernalillo County construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its Community Workforce Agreement with the Community Workforce Agreement with the New Mexico Building and Construction Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its Community Workforce Agreement.

58.     Plaintiff Jay Morgan is a resident and taxpayer of Bernalillo County, and he has standing as a taxpayer to challenge the County's violation of New Mexico's competitive-bidding laws. *See Frothingham v. Mellon*, 262 U.S. 447,486–87 (1923) ("[R]esident taxpayers may sue to enjoin an illegal use of the moneys of a municipal corporation."). The County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council inflicts injury in fact on county taxpayers by awarding projects to someone other than the lowest bidder. This injury is caused by the County's enforcement of the Community Workforce Agreement, and it will be redressed by declaratory and injunctive relief that stops the County from enforcing it.

59.     Plaintiff Ray Smith is a resident and taxpayer of Bernalillo County, and he has standing as a taxpayer to challenge the County's violation of New Mexico's competitive-bidding laws. *See Frothingham v. Mellon*, 262 U.S. 447,486–87 (1923) ("[R]esident taxpayers may sue to enjoin an illegal use of the moneys of a municipal corporation."). The County's enforcement of its Community Workforce Agreement with the New Mexico Building and Construction Trades Council inflicts injury in fact on county taxpayers by awarding projects to someone other than the lowest bidder. This injury is caused by the County's enforcement of the Community Workforce Agreement, and it will be redressed by declaratory and injunctive relief that stops the County from enforcing it.

<u>**CLAIM FOR RELIEF NO. 1:**</u>
<u>**VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS**</u>

60.     Both public and private employees have a constitutional right to decide whether they will join or associate with a union. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984) ("Freedom of association therefore plainly presupposes a freedom not to associate." (citing *Abood v. Detroit Board of Education*, 431 U.S. 209, 234–35 (1977)); *Pattern Makers' League of N. Am.*, AFL-CIO v. N.L.R.B., 473 U.S. 95, 106 (1985) ("Full union membership thus no longer can be a requirement of employment.").

61.     The Constitution also forbids a public employer to require its employees to join or financially support a union as a condition of employment. *See Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018).

62.     A public employer cannot evade the holdings of *Abood* and *Janus* by contracting out its work and then compelling the employees of its contractors to become dues-paying union members as a condition of working on county-related projects.

63.     Nor can the County require the employees of contractors to relinquish their First Amendment rights as a condition of working on county-related projects. *See Board of County Commissioners, Wabaunsee County, Kansas v. Umbehr*, 518 U.S. 668, 674 (1996) ("The government 'may not deny a benefit to a person on a basis that infringes his constitutionally protected . . . freedom of speech' even if he has no entitlement to that benefit" (*quoting Perry v. Sindermann*, 408 U.S. 593, 597 (1972))."

64.     The County is violating the First and Fourteenth Amendments by requiring county contractors and subcontractors to compel their employees to join a union affiliated with the New Mexico Building and Construction Trades Council as a condition of their continued employment.

65.     The court should declare that the County's Community Workforce Agreement violates the First and Fourteenth Amendments, and it should enjoin the County from enforcing it.

66.     The Plaintiffs assert this claim under the causes of action established in 42 U.S.C. § 1983, *Ex parte Young*, 209 U.S. 123 (1908), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## CLAIM FOR RELIEF NO. 2:
## VIOLATION OF THE NATIONAL LABOR RELATIONS ACT

67.     29 U.S.C. § 157 gives employees the right to decide whether they want union representation. *See N.L.R.B. v. J. Weingarten, Inc.*, 420 U.S. 251, 256–57 (1975) ("An employee's right to union representation upon request is based on Section 7 of the Act which guarantees the right of employees to act in concert for 'mutual aid and protection.'"); *N.L.R.B. v. Granite State Joint Bd., Textile Workers Union of America, Local 1029, AFL-CIO*, 409 U.S. 213, 216 (1972) ("Under § 7 of the Act the employees have 'the right to refrain from any or all' concerted activities relating to collective bargaining or mutual aid and protection, as well as the right to join a union and participate in those concerted activities.").

68.     Mr. Bernard and his fellow employees at GarVin Construction, Inc have exercised their right to decline to union representation—a right protected by section 7 of the National Labor Relations Act.

69.     Messrs. Maestas, Teran, Swansinger, Stuckey, Hancock, Villanueva, Carrillo, and their fellow employees at Northridge Electric have exercised their right to decline to union representation—a right protected by section 7 of the National Labor Relations Act.

70.     The County's Community Workforce Agreement violates the National Labor Relations Act because it prohibits Messrs. Bernard, Maestas, Teran, Swansinger, Stuckey, Hancock, Villanueva, Carrillo, and their fellow employees, all of which are non-core employees for the purposes of the Community Workforce Agreement, from working on county-related construction because of their refusal to join a union belonging to, or affiliated with, the New Mexico Building and Construction Trades Council.

71.     The County's Community Workforce Agreement also violates the National Labor Relations Act by forcing county contractors to recognize a union that belongs to the New Mexico Building and Construction Trades Council — even if their employees have chosen to decline union representation or have chosen a different union to represent them — and by forbidding the non-union members of ABC to work on county construction projects on account of their employees' decision to decline union representation.

72.     The County's Community Workforce Agreement violates the National Labor Relations Act for yet another reason: It compels non "core" employees of county contractors to become union members. This violates 29 U.S.C. § 158(a)(3), which abolished the union shop and allows employers to compel only the payment of money to a union as a condition of employment. The County's Community Workforce Agreement compels employees to not only pay money to a county-approved union but to also abide by the rules of New Mexico Building and Construction

Trades Council or its affiliated Unions or face discharge in contravention of the National Labor Relations Act. *See Pattern Makers' League of N. Am., AFL-CIO v. N.L.R.B.*, 473 U.S. 95, 106 (1985) ("Section 8(a)(3) of [the Taft–Hartley] Act effectively eliminated compulsory union membership by outlawing the closed shop. The union security agreements permitted by § 8(a)(3) require employees to pay dues, but an employee cannot be discharged for failing to abide by union rules or policies with which he disagrees. Full union membership thus no longer can be a requirement of employment.").

73.     Finally, the County's Community Workforce Agreement violates 29 U.S.C. § 158(e), which forbids a labor organization and an employer "to enter into any contract or agreement, express or implied, whereby such employer ceases or refrains or agrees to cease or refrain from handling, using, selling, transporting or otherwise dealing in any of the products of any other employer, or to cease doing business with any other person, and any contract or agreement entered into heretofore or hereafter containing such an agreement shall be to such extent unenforceable and void." The only exception to this rule is for employers engaged primarily in the building and construction industry, but this exception is inapplicable because the County of Bernalillo is not an employer engaged primarily in the building and construction industry.

74.     The Court should therefore declare that the County's Community Workforce Agreement violates the Labor Relations Act, and it should enjoin the County from enforcing it.

75.     The National Labor Relations Act establishes federal "rights" enforceable under 42 U.S.C. § 1983. *See Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 109 (1989).

76.     The Plaintiffs assert this claim under the causes of action established in 42 U.S.C. § 1983, *Ex parte Young*, 209 U.S. 123 (1908), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## CLAIM FOR RELIEF NO. 3:
## VIOLATION OF STATE COMPETITIVE-BIDDING LAWS

77.     NMSA 1978, § 13-1-28 through § 13-1-199, otherwise known as the New Mexico

Procurement Code, controls every expenditure by state agencies and local public bodies for the

procurement of items of tangible personal property, services, and construction.

78.     The stated purposes of the Procurement Code are to provide for the fair and

equitable treatment of all persons involved in public procurement, to maximize the purchasing

value of public funds and to provide safeguards for maintaining a procurement system of quality

and integrity. *See* NMSA 1978, § 13-1-29.

79.     In relevant part, NMSA, § 13-1-102 states that "[a]ll procurement shall be achieved

by competitive sealed bid . . ."

80     Of all the interests involved in competitive bidding, the public interest is the most

important. *State ex rel. Educational Assessments Sys., Inc. v. Cooperative Educ. Servs. of N.M.,

Inc.*, 115 N.M. 196, 201, 848 P.2d 1123, 1128 (Ct. App. 1993). An economical and efficient

system of procurement directly benefits taxpayers. *See Id.* at 201, 848 P.2d at 1128.

81.     Through competitive bidding the municipality hopes to obtain the best product at

the best price. *Planning & Design Solutions v. City of Santa Fe*, 1994-NMSC-112, 8, 118 N.M.

707, 710, 885 P.2d 628, 631. Thus, the Code protects against the evils of favoritism, nepotism,

patronage, collusion, fraud, and corruption in the award of public contracts. *Id*. It is certainly in

the public interest that the City abide by the procurement rules it has set for itself. *Id*.

82.     When statutes and regulations define the rules of competitive bidding, these

statutes and regulations will be strictly construed against the government entity that solicited the

bids. *K. L. Conwell Corp. v. City of Albuquerque*, 111 N.M. 125, 129, 802 P.2d 634, 638 (1990).

83.     The County is violating state competitive-bidding laws because its project labor agreement discriminates against non-union contractors, as well as contractors whose employees are represented by a union that does not belong to the New Mexico Building and Construction Trades Council. This confers an unlawful favoritism upon contractors whose employees have joined a union belonging to the New Mexico Building and Construction Trades Council.

84.     The County's project labor agreement does not prescribe common standards for bidders, and all contractors bidding on the County's public-works projects are not on an equal footing. The County's project labor agreement does not prescribe common standards for all bidders, and all contractors bidding on the County's public-works projects are not on equal footing. The County's project labor agreement violates the integrity of the competitive-bidding process.

85.     The Court should declare that the County's project labor agreement violates state competitive-bidding laws, and it should enjoin the County from enforcing it.

86.     The Plaintiffs assert this claim under the supplemental-jurisdiction statute, 28 U.S.C. § 1367, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## **DEMAND FOR RELIEF**

The Plaintiffs respectfully request that the Court: a) declare that the County is violating the Plaintiffs' constitutional rights under the First and Fourteenth Amendments by enforcing its Community Workforce Agreement; b) declare that the County is violating the Plaintiffs' federal rights under the National Labor Relations Act by enforcing its Community Workforce Agreement; c) declare that the County is violating New Mexico's competitive-bidding laws by enforcing its Community Workforce Agreement; d) permanently enjoin the County from enforcing its Community Workforce Agreement; e) award costs and attorneys' fees under 42 U.S.C. § 1988; and f) grant other and further relief that the Court may deem just, proper, or equitable.

Respectfully submitted,

JACKSON LOMAN STANFORD
DOWNEY & STEVENS-BLOCK, P.C.

By: */s/ Leah M. Stevens-Block*
Leah M. Stevens-Block
Sarah K. Downey
*Attorneys for Plaintiffs*
201 Third Street NW, Suite 1500
Albuquerque, NM 87102
Telephone: (505) 767-0577
Fax: (505) 242-9944
leah@jacksonlomanlaw.com
sarah@jacksonlomanlaw.com